### EMMET COUNTY v. SKINNER ET AL.

1. **School Fund: BOARD OF SUPERVISORS.** The board of supervisors may make such reasonable rules for the loaning of the school fund as to them shall seem proper, and, among others, may provide that the fund shall only be loaned to residents of the county.

2. ———: FORECLOSURE. In an action by the county to foreclose a school fund mortgage, the fact that the defendant, who was the grantee of the mortgagor, had paid the interest and made application to the auditor for a loan equal to the amount of the mortgage, was *held* to constitute no defense to the action.

*Appeal from Emmet District Court.*

THURSDAY, APRIL 18.

THE plaintiff asks judgment against the defendants Skinner, Jenkins and Ridley for the amount of a promissory note, and prays the foreclosure of a mortgage executed to secure the same, and asks that the estate and interest of the defendant G. L. Henderson in and to the mortgaged premises be declared junior and inferior to plaintiff's mortgage. The defendant Henderson answered, alleging that he is the absolute owner of the mortgaged premises; that he purchased the same from the mortgagor, and assumed and agreed to pay the mortgage as part of the consideration therefor; that prior to the commencement of this action he paid up all the interest

on said mortgage, and made application to the county auditor for permission to borrow the same, and offered to provide the requisite amount of securities, and comply in all respects with the requirements of the law relating to new loans, and that such application was refused, on the ground that said defendant was not a resident of Emmet county, and the board of supervisors of said county had directed the auditor to loan said school fund to residents of said county. Said defendant renewed the application and offer in the answer, and asked that plaintiff's petition be dismissed, and the action abated.

The plaintiff demurred to this answer. The demurrer was sustained. Defendant Henderson appeals.

*E. B. Soper*, for appellant.

*H. G. Day* and *T. W. Harrison*, for appellees.

DAY, J.—I. The defendant bases his claim upon section 1871 of the Code, which is as follows: "Any person responsible to the school fund for any part of the principal thereof, who shall promptly pay all interests and costs, if any, thereon, whether the same may be rendered into a judgment or not, shall be permitted to borrow such principal upon complying, in all respects, with the requirements of law relating to new loans." This section should be construed in connection with other provisions of the law on the subject of the school fund.

1. SCHOOL fund: board of supervisors.

Section 1860 provides that the several boards of supervisors shall hold and manage the securities given to the school fund in their respective counties, and such counties shall be severally liable for all losses upon loans of such fund made in such county. Section 1881 provides that on and after the 1st day of January, 1874, the boards of supervisors of the several counties shall have sole control and management of all loans on mortgages then held or thereafter made, and shall, when necessary, have them foreclosed at the expense of the county, and any losses sustained, or gains realized upon foreclosures

and re-sales of mortgaged property, shall be made good by, or inure to the benefit of, the county, as the case may be. The board of supervisors being thus intrusted with the management of the school fund, may, we think, make such reasonable rules for the loaning of it as will, in their judgment, prevent loss to the fund, and consequent liability on the part of the county. We think it is a reasonable and proper regulation that the money should be loaned to a resident of the county in which the loan is made. If the board cannot establish such rule, then, under section 1871 of the Code, a party might be entitled to a renewal of his loan, although he had become a non-resident of the State. It is apparent that the interests of the fund might be greatly prejudiced by allowing it to pass into the hands of non-residents of the State. As the defendant does not come within the class to whom the board of supervisors authorized loans to be made, he is not entitled to a loan under section 1871.

II.   There is another view of this case which is decisive of

2. ———: fore-closure.
it. If the defendant was entitled to a loan, and it was refused him, that fact constitutes no defense to this action, nor reason why the suit should abate. If the law enjoins upon the auditor the duty of accepting the security and making the loan, the performance of that duty may be compelled by *mandamus*.

AFFIRMED.